Thomas E. Willoughby
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, New York 10006-3739
(212) 669-0600

**12 CV    5747**

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X          Index No.

THE LUBRIZOL CORPORATION,

                                    Plaintiff,

       -    against –

OCEAN WORLD LINES, INC. and
"K" LINE (DEUTSCHLAND) GmbH,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

*(RECEIVED stamp: JUL 26 2012 — U.S.D.C. S.D. N.Y. CASHIERS)*

       The plaintiff herein, by its attorneys, Hill Rivkins LLP, complaining of the above

named vessel and defendants, alleges upon information and belief:

       FIRST:       This Court has jurisdiction pursuant to 28 U.S.C. 1331(a) in that

this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure.

       SECOND:       At and during all times hereinafter mentioned, plaintiff had and

now has the legal status and principal office and place of business stated in Schedule A

hereto annexed and by this reference made a part hereof.

       THIRD:       At and during all the times hereinafter mentioned, defendants had

and now have the legal status and offices and places of business stated in Schedule A,

and were and now are engaged in business as common carriers of merchandise by water

for hire, and owned, operated, managed, chartered and controlled the above named vessel

which now is or will be within the jurisdiction of this Court during the pendency of this action.

FOURTH:      On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and defendants in good order and condition the shipment described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

FIFTH:      Thereafter, the said vessel arrived at the port of destination described in Schedule A and the cargo not delivered in the same good order and condition in which it was received.

SIXTH:      Defendants, by reason of the premises, breached their duties to the plaintiff as common carriers by water for hire and were otherwise at fault.

SEVENTH:     Plaintiff was the shipper, consignee or owner or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

EIGHTH:      Plaintiff has duly performed all duties and obligations on its part to be performed.

NINTH:     By reason of the premises, plaintiff has sustained damages nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $60,000.00

W H E R E F O R E,  plaintiff prays:

1.      That process in due form of law according to the practice of this Court may issue against defendants.

2.      That if defendants cannot be found within this District, that all of their property within this District, as shall be described in the affidavit, be attached in the sum set forth in this complaint, with interest and costs.

3.      That a decree may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs.

4.      That process in due form of law according to the practice of this Court may issue against the aforesaid named vessels.

5.      Plaintiff further prays for such other, further and different relief as to this Court may seem just and proper in the premises.


Dated:   New York, New York
         July 26, 2012


                          HILL RIVKINS LLP
                          Attorneys for Plaintiff

                    By:   _____
                          Thomas E. Willoughby
                          45 Broadway, Suite 1500
                          New York, New York 10006-3739
                          (212) 669-0600

## SCHEDULE  A

| | |
|---|---|
| Plaintiff: | THE LUBRIZOL CORPORATION |
| | 29400 Lakeland Boulevard |
| | Wickliffe, Ohio 44092-2298 |

Defendants:   OCEAN WORLD LINES, INC.
1983 Marcus Avenue
Lake Success, New York 11042

"K" LINE (DEUTSCHLAND) GmbH
c/o "K" Line America Inc.
890 Mountain Avenue
Murray Hill, New Jersey 07974

Date of Shipment:   January 26, 2011

Port of Loading:       Bremerhaven, Germany

Port of Discharge:     Norfolk, Virginia

Shipper:     Lubrizol Deutschland GmbH

Consignee:     Lubrizol Advanced Materials, Inc.

Notify:       Expeditors International

Description of Shipment:     690 Packages of Lanco (chemical)

Nature of Loss or Damage:     Non-delivery

Ocean Worldlines, Inc. Bill of Lading:   OWLNHA1S011620MI

"K" Line Bill of Lading:   KKLUHAM319009

STATE OF NEW YORK      )
                       : SS:
COUNTY OF NEW YORK  )

Thomas E. Willoughby, duly sworn, deposes and says:

He is an attorney and partner with the firm of Hill Rivkins LLP, attorneys for

plaintiff herein; he has read the foregoing complaint and knows the contents thereof; and

that the same is true to his own knowledge, except as to the matters therein stated to be

alleged on information and belief, and as to those matters, he believes it to be true.

The reason this verification is made by deponent and not by plaintiff is that

plaintiff is a corporation, none of whose officers is now within this district.

The sources of deponent's information and the grounds for his belief as to those

matters stated in the complaint to be alleged on information and belief are documents and

records in his files.

_____
Thomas E. Willoughby

Sworn to before me this
2 6 7 1²day of July 2012

_____
Notary Public

ROBERT BLUM
Notary Public, State Of New York
No.01BL4914091
Qualified In Kings County
Certificate Filed In New York County
Commission Expires December 7, 2013